
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>Plaintiff,<br><br>vs.<br><br>RIDGE, M.D.; J. COOK, M.D.; A. CANLAS, M.D.; VELARDE, N.P.; CDCR; CDCR DOES 1–10; and R. WALKER, C.M.O,<br><br>Defendants. | Civil No.  13-cv-2788 JLS (DHB)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION; AND (2) VACATING ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>**(ECF No. 5)** |

Presently before the Court is Plaintiff Thomas John Heilman's ("Plaintiff") Motion for Reconsideration for Relief from Judgment. (ECF No. 5.) In this Motion, Plaintiff seeks reconsideration of the Court's December 4, 2013 Order denying his Motion to Proceed *in Forma Pauperis* ("IFP") as barred by 28 U.S.C. § 1915(g). (ECF No. 3.) Having considered Plaintiff's arguments and the law, the Court **GRANTS** Plaintiff's Motion and **VACATES** the December 4, 2013 Order.

## BACKGROUND

On November 22, 2013, Plaintiff—proceeding pro se—filed this action concurrent with a Motion to Proceed IFP. (*See* ECF Nos. 1, 2.) Finding that Plaintiff previously had filed three

civil actions that were dismissed for being frivolous, being malicious, or failing to state a claim, the Court denied him leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) and dismissed the action for failure to prepay the entire $350 civil filing fee as required by 28 U.S.C. § 1914(a). (*See* Order 4, ECF No. 3.)  Subsequently, Plaintiff filed the present Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a *final judgment, order, or proceeding* for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (emphasis added).  Such a motion must be filed within a "reasonable time," and usually "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

District courts also have the inherent authority to entertain motions for reconsideration of *interlocutory orders*. *Amarel v. Connell,* 102 F.3d 1494, 1515 (9th Cir.1996) ("[I]nterlocutory orders . . . are subject to modification by the district judge at any time prior to final judgment."); *see also Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989); Fed. R. Civ. P. 54(b).  Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003).

Whether to grant or deny a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).  "However, a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Hydranautics*, 306 F. Supp. 2d at 968 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

///

## ANALYSIS

Plaintiff contends that the Court erred in determining that he has three "strikes" under § 1915(g). A strike is an action brought by a prisoner that is dismissed for being frivolous, being malicious, or failing to state a claim. 28 U.S.C. § 1915(g). Once a prisoner has accumulated three strikes, he is precluded from bringing any additional IFP civil actions or appeals unless he is "under imminent danger of serious physical injury." *Id.* Whether or not the Court's December 4, 2013 Order was final or interlocutory, the Court agrees that it erroneously classified one of Plaintiff's prior actions as a strike. Because this is a clear error that works a manifest injustice, the Court **GRANTS** Plaintiff's Motion.

Plaintiff first contests the characterization of *Heilman v. M. Fisher, et al.*, No. 2:09-cv-197-GGH (E.D. Cal. 2009) [hereinafter *Fisher*], as a strike. Plaintiff argues that this matter should not be considered a strike because he was permitted leave to amend and would have "stated a cognizable claim" had he not "failed to recognize the Court's instructions on the proper procedure to remedy his pleading defect." (Mot. for Reconsid. 7, ECF No. 5.) Ultimately, however, U.S. Magistrate Judge Gregory Hollows dismissed the entire action for failure to state a claim "because plaintiff has already had two opportunities to amend his complaint, and it does not appear that he can cure the pleading defects." Order, *Fisher*, No. 2:09-cv-197-GGH (E.D. Cal. Aug. 17, 2009), ECF No. 18. Plaintiff later filed a notice of appeal and a motion for voluntary dismissal of his appeal. *See id.*, ECF Nos. 20, 22. It is indisputable that this matter was dismissed for failure to state a claim, and accordingly this action properly constitutes a strike pursuant to § 1915(g).

Plaintiff next contests the characterization of *Heilman v. Fry, et al.*, No. 2:08–cv-2478-JLQ (E.D. Cal. 2008) [hereinafter *Fry*], as a strike. In this matter, District Judge Justin L. Quackenbush dismissed Plaintiff's Complaint for failure to state a claim. Screening Order, *Fry*, No. 2:08-cv-2478-JLQ (E.D. Cal. Oct. 6, 2009), ECF No. 9. Rather than filing an amended pleading, Plaintiff chose to file a voluntary dismissal. *See id.*, ECF No. 10. Judge Quakenbush then entered an order of dismissal reiterating the screening order's finding that Plaintiff's Complaint failed to state a claim, which Plaintiff conceded in his request for dismissal. Order

at 1–2, *Fry*, 2:08-cv-2478-JLQ (E.D. Cal. Oct. 26, 2009).  Therefore, it is again proper to consider this dismissal a strike for purposes of § 1915(g).

Plaintiff finally contests the characterization of *Heilman v. L. Sanchez,* No. 2:10-cv-1120-JAM-DAD (E.D. Cal. 2010), as a strike.  Plaintiff argues that the dismissal of this action cannot be considered a strike for purposes of § 1915(g) because he initially brought the action in state court, and the defendant subsequently removed to federal court.  Plaintiff is correct.  The PLRA's strike provision applies only to actions brought by a prisoner "*in a court of the United States*."  28 U.S.C. § 1915(g) (emphasis).  This dismissal, therefore, does not constitute a strike for purposes of § 1915(g).  Thus, Plaintiff does not have three strikes pursuant to § 1915(g).  Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Reconsideration.  The Court also **VACATES** its December 4, 2013 Order.  The Court will issue a new Order ruling on Plaintiff's Motion to Proceed IFP and conducting the required *sua sponte* screening of Plaintiff's Complaint.

**IT IS SO ORDERED.**

DATED: February 10, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge